In the Matter of BAHIA
RESORTS, INC., Debtor.

BAHIA RESORTS, INC., Plaintiff,

v.

CAUSEWAY INN SOUTH,
INC., Defendant.

Bankruptcy No. 84-276.
Adv. No. 84-169.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

April 30, 1986.

Domenic Massari, Albert I. Gordon, Tampa, Fla., for debtor/plaintiff.

John H. Rains, III, Tampa, Fla., for defendant.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION

ALEXANDER L. PASKAY, Chief Judge.

THE MATTER before the Court in this Chapter 11 case is a Complaint For Equitable Reinstatement of A Lease of Real Estate filed by the Debtor, Bahia Resorts, Inc. It is important to point out at the outset what is and is not involved in the matter under consideration. This is not a proceeding which involves the question of whether this Debtor is able to comply with § 365(b)(1), (2) & (3) of the Bankruptcy Code which mandates that three conditions must be met before a Debtor is authorized to assume an unexpired, non-residential lease. What is involved here is the question of whether the Debtor is entitled to a reinstatement of an already terminated non-residential lease on equitable grounds. Unless the Debtor is able to establish its right to reinstate a terminated lease on equitable grounds, the evidence presented by the Debtor as to its ability to assume the lease under the terms of § 365 is academic.

With this in mind, one must now turn to the evidence presented in support of and in opposition to the Defendant's right to reinstate on equitable grounds. The Defendant in this proceeding, Causeway Inn South, Inc. (CIS) owns a hotel facility located on the Courtney Campbell Causeway in Tampa, Fla. In 1979, CIS and the Debtor, Bahia Resorts, entered into a 15 year lease agreement with an option to purchase, which provided for a base rent of $10,000 per month, cost of living increases beginning in March, 1983, and the payment of all taxes by the lessee. In November of 1983, CIS commenced a state court eviction action against Bahia Resorts, alleging that Bahia had defaulted in its obligations under the lease, specifically in its obligation to pay rent. In February of 1984, shortly before the scheduled eviction trial, Bahia filed its Chapter 11 petition in this Court. During the course of the stay litigation in

which CIS sought relief in order to proceed in its eviction action against Bahia, this Court determined that the Debtor had, in fact, defaulted under the lease in November of 1983, and that the lease was effectively terminated pre-petition. *Matter of Bahia Resorts, Inc.*, 46 B.R. 44 (M.D.Fla. 1985). This adversary proceeding ensued.

The Debtor's argument in support of the equitable reinstatement of this lease is based on the premise that the law frowns on forfeitures, and that to deny the Debtor reinstatement after its substantial investment in the property would result in an inequitable windfall for CIS. Bahia asserts that upon taking possession of the premises, Bahia undertook a series of improvements to the property, including installing a telephone system and televisions, remodeling the lobby, meeting rooms, and several guest rooms, making pool improvements, and investing in repairs and maintenance. The Debtor urges that the cost of its improvements, repairs, and maintenance exceeds $794,000, and that the condition of the premises at the time of trial was significantly better than its condition at the time the Debtor assumed the lease.

CIS conceded that the Debtor expended substantial funds on the property, but proffered that these funds went for cosmetic changes and for correction of maintenance problems and did not constitute a permanent benefit to the property. The testimony of Mr. Larry Kleek, a certified public accountant and expert in hotel development, was that the majority of the improvements made by the Debtor had a limited useful life, and that the telephone system and televisions, which constituted about twenty-five percent of the Debtor's total investment, were already obsolete. In addition, Mr. Kleek testified that interior improvements, specifically the carpeting and the dining room remodeling were also approaching the end of the maximum useful life.

Additional expert testimony of Thomas Hubbard, a personal property appraiser, revealed that the furniture and the facility, including newly acquired used furniture and the kitchen and dining equipment, had a minimal value and had been neglected and abused. His opinion of the property after he inspected it in November of 1985 was that the hotel was run down and in disrepair, and that the kitchen was virtually uninhabitable.

It is clear from this testimony that although the Debtor expended a substantial amount of money during its possession of the property, the investments were not of the sort which would greatly increase the value of the property or provide the Defendant CIS with an inequitable windfall of improvements. While it is also true that the law, and in particularly this Court, abhors forfeiture, in these circumstances, where the Debtor has failed to establish that it has, in fact, permanently improved the property, there is very little, if anything, the Debtor has forfeited in the loss of this lease. In short, the proof presented falls short of the degree and quality of evidence that would warrant reinstatement. In as much as this Court is satisfied that there is insufficient basis to reinstate the lease, the evidence presented by the Debtor as to its ability to perform upon reinstatement need not be examined.

A separate final judgment will be entered in accordance with the foregoing.